BWW#: 122369

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

IN RE:                                                                                    Case No. 10-38522-KRH

MADRICE D. HAMN,1ST

    Debtor                                                                         Chapter 13

_____

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2007-HE7

    Movant

vs.

MADRICE D. HAMN,1ST

    Debtor/Respondent

and

IRIS HAMN

    Co-Debtor/Co-Respondent

and

SUZANNE E. WADE

    Trustee/Respondent

_____

### MOTION FOR RELIEF FROM AUTOMATIC STAY, AND FOR RELIEF FROM CO-DEBTOR STAY, PURSUANT TO 11 U.S.C. §1301(c)(3)

    COMES NOW, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE7, Asset Backed-Certificates, Series 2007-HE7 (the "Movant"), by and through counsel, Jason Michael Floyd and BWW Law Group, LLC and respectfully represents as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.
2. Movant is a mortgage lender.

Jason Michael Floyd, VSB#87522
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
(804) 282-0463
Attorney for the Movant

3. On or about December 13, 2010, Madrice D. Hamn, 1st (the "Debtor") filed a voluntary petition for relief in this Court under Chapter 13 of the United States Bankruptcy Code.

4. Iris Hamn is a Co-Debtor in this action.

5. Suzanne E. Wade is the Trustee of the Debtor's bankruptcy estate.

6. At the time of the initiation of the bankruptcy proceedings, the Debtor owned a parcel of real estate located in Caroline County, Virginia, and improved by a residence known as 424 Pocahontas Drive, Ruther Glen, VA 22546 (the "Property"). The Property is more particularly described as follows:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND AND APPURTENANCES THERETO, BELONGING, LYING AND BEING AND SITUATE IN MADISON MAGISTERIAL DISTRICT, CAROLINE COUNTY, VIRGINIA, AND DESIGNATED AS LOT 1516, AS SHOWN ON PLAT OF LAKE CAROLINE, WHICH PLAT IS DULY RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CAROLINE COUNTY, VIRGINIA, IN DEED BOOK 174, PAGE 442, TO WHICH REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION.

7. The Property is encumbered by a Deed of Trust dated July 26, 2007, securing the Movant, and recorded among the land records of the jurisdiction in which all or part of the Property lies (the "Deed of Trust").  (A copy of the Deed of Trust is attached hereto and filed as Exhibit "1").

8. The Deed of Trust secures payment of a promissory note in the original principal amount of $130,000.00 now payable to Movant (the "Note").  (A copy of the Note is attached hereto and filed as  Exhibit "2").

9. The Debtor is in default under the terms of the Note and Deed of Trust.  The Movant has accelerated the entire balance of the Note and Deed of Trust, and interest continues to accrue on a daily basis.

10. As of January 14, 2016, the amount due to the Movant under the terms of the Note through January 31, 2016 is approximately $175,692.80, plus per diem interest and other advances made by the Movant (i.e., taxes, insurance), as well as attorney's fees and court costs related to this motion.

11. As of December 31, 2015, the Debtor is due and owing for the August 01, 2011 post-petition payment and all payments thereafter.  As of December 31, 2015, Debtor has failed to make 53 post petition monthly payments, minus credit for funds in suspense, for a total post-petition arrearage of $57,674.74. (An Arrearage Worksheet is attached hereto and filed as Exhibit "3").

12. The Property is not necessary for an effective reorganization by the Debtor.

13. The Movant believes and avers that there is no equity in the Property because the total liens against the Property will effectively exceed the value of the Property. The Debtor has scheduled the Property with a market value of $170,000.00 in his/her filed Schedules. The fair market value of the Property at this time will not likely support a value that is more than the aggregate amount of the outstanding lien(s) encumbering the Property.

14. The Movant lacks adequate protection of its interest in the Property. The Movant has been and continues to be irreparably injured by the stay of 11 U.S.C. §362(a) and §1301(a) of the Bankruptcy Code which prevents Movant from enforcing its rights under the Note and Deed of Trust. Cause exists for lifting the automatic stay imposed by 11 U.S.C. §362(a) and §1301(a) of the Bankruptcy Code, to enable the Movant to enforce its rights under the terms of the Note and Deed of Trust.

15. JPMorgan Chase Bank, National Association, services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2007-HE7, Asset Backed-Certificates, Series 2007-HE7. Said entity, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to said entity or has been duly endorsed.

WHEREFORE, the Movant prays that this Court:

1. Enter an order, pursuant to 11 U.S.C. §362(d), lifting the automatic stay imposed by 11 U.S.C. §362(a) of the Bankruptcy Code, to enable Movant to enforce the lien of its Deed of Trust encumbering the Property, and to exercise all of the rights and remedies available to Movant pursuant to applicable state law and the terms of the Deed of Trust and Note; and

2. Enter an order pursuant to 11 U.S.C. §1301(c)(3), terminating the co-debtor stay imposed by 11 U.S.C. §1301(a); and

3. Grant such other and further relief as necessary.

Dated: March 09, 2016                               Respectfully Submitted,

**BWW Law Group, LLC**

  */s/ Jason Michael Floyd*
Jason Michael Floyd, VSB#87522
BWW Law Group, LLC
8100 Three Chopt Rd., Suite 240
Richmond, VA 23229
(804) 282-0463
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Attorney for the Movant*

## CERTIFICATE OF SERVICE

    I certify that on this 9th day of March, 2016, the following person(s) were or will be served a copy of the foregoing Motion for Relief from Automatic Stay, and Motion for Relief from Co-Debtor Stay, Pursuant to 11 U.S.C. §1301(c)(3) via the CM/ECF system or by first class mail, postage prepaid:

Suzanne E. Wade, Trustee
Post Office Box 1780
Richmond, VA 23218-1780

Pia J. North, Attorney at Law
5913 Harbour Park Drive
Midlothian, VA  23112

Madrice Hamn, 1st
424  Pocahontas Drive
Ruther Glen, VA  22546

Madrice D. Hamn, 1st
5513 Spring Bluff Court
Fredericksburg, VA  22407

Iris Hamn
424 Pocahontas Drive
Ruther Glen, VA  22546

*/s/ Jason Michael Floyd*
Jason Michael Floyd